UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARTIN MONICA,<br>　　　　Plaintiff,<br>　　v.<br>BRYAN WILLIAMS, et al.,<br>　　　　Defendants. | Case No. 15-cv-04857-BLF<br><br>**ORDER RE MOTIONS *IN LIMINE*** <br><br>[Re: ECF 43, 44, 45, 46, 47] |

Plaintiff Martin Monica ("Plaintiff") brings this action alleging that Defendants detained, arrested him and used excessive force in violation of his constitutional rights. Monica initially brought a claim under 42 U.S.C. § 1983 against the City of Santa Clara and the individual police officers involved in the incident: Bryan Williams, Luke Erickson, and Patrick Estes. Only the claims against Officers Williams and Erickson ("Defendants") for an alleged unconstitutional de facto arrest and use of excessive force remain. The Court held a pretrial conference on January 26, 2017, at which time it addressed a number of trial issues and heard argument on the parties' motions *in limine*. The Court hereby orders as follows:

## I.   SCHEDULING

Plaintiff is allotted 8 hours of trial time, to include examination and cross-examination of witnesses and the presentation of evidence. Defendant is allotted 6 hours of trial time, also to include examination and cross-examination of witnesses and the presentation of evidence. Each party will have an additional 30 minutes for opening statements and one hour for closing arguments.

## II.  JURY QUESTIONNAIRE

For the reasons discussed on the record, the Court will not allow use of a jury

questionnaire. Each party will be allotted 40 minutes for *voir dire*.

## III. MOTIONS *IN LIMINE*

For the reasons explained below and on the record at the January 26, 2017 pretrial conference, the motions are decided as follows:

Plaintiff's Motion in Limine No. 1: GRANTED IN PART and DENIED IN PART.

Plaintiff's Motion in Limine No. 2: DEFERRED.

Defendants' Motion in Limine No. 1: GRANTED.

Defendants' Motion in Limine No. 2: GRANTED.

Defendants' Motion in Limine No. 3: DENIED.

### A. Plaintiff's Motions *in Limine*

#### i. Plaintiff's Motion *in Limine* No. 1 to Exclude Expert Testimony of Robert Fonzi. GRANTED IN PART AND DENIED IN PART.

Plaintiff moves to exclude any and all testimony by Robert Fonzi ("Fonzi") as well as his expert report as irrelevant and improper expert testimony, and contends it would create a substantial danger of undue prejudice to Plaintiff if admitted. Pl.'s Mot. in Lim. No. 1, at 1, ECF 43. Plaintiff thus argues that Fonzi's proposed expert testimony, which offers numerous legal conclusions, credibility determinations, and irrelevant opinions, are not proper expert testimony under Fed. R. Evid. 702 and should be excluded. *Id.* at 2 (citing *Chang v. Cty. of Santa Clara*, No. 15-cv-2502, 2016 U.S. Dist. LEXIS 93246 (N.D. Cal. July 18, 2016)).

Defendants oppose Plaintiff's motion in part, and argue that while Fonzi's trial testimony may properly be limited, it should not be stricken in its entirety. Defs.' Opp. to Pl.'s Mot. in Lim. No. 1, at 2, ECF 55. While Defendants concede that Fonzi may not opine on "pure" opinions or conclusions of law, he should be permitted to testify regarding the reasonableness of Defendants' actions and use of force in connection with general police standards and training. *Id.* (citing Fed. R. Evid. 704(a)).

The Court finds that Fonzi is a qualified witness and will be allowed to testify. However, Fonzi may not testify as to any legal conclusion or the credibility of any witnesses. *United States v. Barnard*, 490 F.2d 907, 912 (9th Cir. 1973) (finding that credibility is an issue for the jury);

*Mukhtar v. Cal. State Univ.*, 299 F.3d 1053, 1065 n.10 (9th Cir. 2002) ("[A]n expert witness cannot give an opinion as to her legal conclusion[.]" (citation and emphasis omitted)). Moreover, the Court cautions counsel that any questions directed to Fonzi must be phrased properly, for example, as hypotheticals, and will be subject to trial objections. Accordingly, the Court GRANTS IN PART AND DENIES IN PART Plaintiff's motion *in limine* no. 1.

    **ii.** **Plaintiff's Motion *in Limine* No. 2 to Exclude Testimony Regarding Plaintiff's Prior Political Activities, Lawsuits, and Reason for Being in the Area. DEFERRED.**

Plaintiff seeks to exclude any and all testimony, evidence, mention, or argument relating to Plaintiff's political activities, prior lawsuits, and his reason for being in the area on the night of the incident. Pl.'s Mot. in Lim. No. 2, at 2, ECF 47. Plaintiff argues that such evidence is irrelevant to this action, inadmissible character evidence, and prejudicial. *Id.* at 2–3.

Defendants concede that evidence of Plaintiff's previous lawsuits is not admissible, but oppose Plaintiff's motion, arguing that evidence of Monica's prior political activity and the reason he was in the area at the time of the incident is relevant, and the evidence's probative value is not substantially outweighed by the risk of unfair prejudice in this case. Defs.' Opp. to Pl.'s Mot. in Lim. No. 2, at 2, ECF 59. Specifically, Defendants contend that this evidence lends credence to the Officers' version of the facts. *Id.*

At the pretrial conference, the Court agreed to defer ruling on this motion until trial. However, to the extent the Court allows this evidence to be admitted, it will be allowed only for impeachment purposes. Moreover, if the evidence is admitted, the Court would welcome a limiting instruction and would require Defendants' counsel to make a showing of the questions they intend to ask before allowing questioning on the subject. Accordingly, Plaintiff's motion *in limine* no. 2 is DEFERRED.

    **B.** **Defendants' Motions *in Limine***

        **i.** **Defendants' Motion *in Limine* No. 1 to Exclude Evidence Relating to Any Prior or Subsequent Incidents Involving Any of the Officers. GRANTED.**

Defendants move to exclude any and all utterances, statements, evidence, testimony, argument, or any mention by Plaintiff, Plaintiff's witnesses and/or Plaintiff's attorneys about any

prior or subsequent complaints or incidents involving any of the Officers. Defs.' Mot. in Lim. No. 1, at 3, ECF 44. Defendants argue that any prior and subsequent complaints or incidents are irrelevant and should be excluded pursuant to Fed. R. Evid. 401. *Id.* at 2. Defendants further contend that any potential relevance is strongly outweighed by the risk of prejudice from the jury considering them as propensity evidence. *Id.* at 3 (citing Fed. R. Evid. 403, 404).

Plaintiff does not oppose Defendants' motion, but asks that Plaintiff be allowed to "walk through" the door if Defendants open the door to the admission of such evidence on direct examination. Pl.'s Opp. to Defs.' Mot. in Lim. No. 1, at 1, ECF 48.

The Court agrees with Defendants, and will exclude any evidence relating to prior or subsequent complaints or incidents involving the Defendants. However, in the event Plaintiff feels the door has been opened, he is advised to raise the issue with the Court so the Court may revisit its ruling. Accordingly, the Court GRANTS Defendants' motion *in limine* no. 1.

   **ii. Defendants' Motion *in Limine* No. 2 to Exclude Miscellaneous Items Under FRE 403.  GRANTED.**

Defendants seek to exclude reference to: (1) the San Jose Mercury News article regarding this case and (2) a prior incident between Santa Clara officers and an African-American subject on a bicycle that Monica witnessed and speculated may have been racially-motivated. Defs.' Mot. in Lim. No. 2, at 2, ECF 45. Defendants argue that the San Jose Mercury News article is irrelevant and hearsay. *Id.* Defendants also contend that the prior incident Plaintiff observed is irrelevant. *Id.* Plaintiff does not oppose this motion. Pl.'s Opp. to Defs.' Mot. in Lim. No. 2, at 1, ECF 49.

The Court finds Defendants' argument persuasive and the motion is unopposed. The Court GRANTS Defendants' motion in limine no. 2.

   **iii. Defendants' Motion *In Limine* No. 3 Regarding Bifurcating Punitive Damages and to Exclude Evidence of Defendants' Finances During Liability Phase.  DENIED.**

Defendants seek to bifurcate the punitive damages phase and to exclude evidence of Defendants' financial condition until there is a finding of liability for punitive damages. Defs.' Mot. in Lim. No. 3, at 3, ECF 46. Defendants argue that evidence of Defendants' financial condition is inadmissible until Plaintiff has first proven a prima facie case of lability for punitive

4

damages, and that prematurely hearing evidence of Defendants' income and assets may potentially prejudice the jury. *Id.* at 2.

Plaintiff only opposes the motion to the extent that it implies that Plaintiff bears the burden of establishing Defendants' financial condition. Pl.'s Opp. to Defs.' Mot. in Lim. No. 3, at 1, ECF 50. Plaintiff contends that the burden is on Defendants to establish their own financial condition. *Id.*

The Court does not find that bifurcation is necessary and further finds that bifurcation would be time consuming. Accordingly, the Court DENIES Defendants' motion *in limine* no. 3.

**IT IS SO ORDERED.**

Dated: January 30, 2017

_____
BETH LABSON FREEMAN
United States District Judge

5